**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-5074**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CORY SCOTT,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge.  (CR-04-264-RDB)

─────────────

Submitted:  March 16, 2005          Decided:  March 31, 2005

─────────────

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Jeffrey Earl Risberg, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Thomas Michael DiBiagio, United States Attorney, Tamera Lynn Fine, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cory Scott pled guilty to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him on December 2, 2004, over his objection based on Blakely v. Washington, 124 S. Ct. 2531 (2004), to a forty-six month term of imprisonment to be followed by three years of supervised release. After Scott filed his notice of appeal, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005). Scott has filed a motion for an expedited remand of this case to the district court for that court to implement the thirty-month alternative sentence announced by the court in accordance with our decision in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005).[*]

We grant Scott's motion for remand to allow the district court to reconsider Scott's sentence in light of the Booker decision. Scott states in his motion that the sentencing issue raised in the motion is the only issue he would pursue on appeal. Therefore, we affirm his conviction, vacate the sentence imposed by the district court, and remand for reconsideration of the sentence. We dispense with oral argument because the facts and legal

---

[*]The Government does not oppose Scott's motion.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>